**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFF HOHLBEIN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UTAH LAND RESOURCES LLC;<br>MATSON INC.,<br><br>        Defendants - Appellees. | No. 09-17598<br><br>D.C. No. 3:08-cv-00347-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 14, 2011[**]
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and BLOCK, District
Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District Court of New York, sitting by designation.

Plaintiff-Appellant Jeff Hohlbein was granted summary judgment on an Americans with Disabilities Act (ADA) claim. He subsequently filed a timely motion for an award of attorneys' fees, litigation expenses, and costs under the ADA. *See* 42 U.S.C. § 12205; *see also* D. Nev. L. R. 54-16. The court approved all attorney hours requested, but awarded fees at a highly reduced rate. Expert witness fees were denied.

The award of attorneys' fees is reviewed for abuse of discretion. *Thomas v. City of Tacoma*, 410 F.3d 644, 657 (9th Cir. 2005). Questions of law that underlie an award of attorneys' fees, however, are reviewed de novo. *Id.*

"[I]f the court believes the overall award is too high, it needs to say so and explain why, rather than making summary cuts in various components of the award. While we accord deference to the district court's explanation of why a requested fee is excessive, we can only do so if the district court provides an explanation that we can meaningfully review." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008). The order awarding attorneys' fees provides no proper rationale for the reduced amount. The lack of meaningful explanation here prevents review and requires a remand.

The district court devoted a significant portion of the hearing to exploring the issue of prelitigation notice. "[T]he ADA does not require, either explicitly or

2

by reference to another statute, that a plaintiff give notice of intention to sue before filing suit as a prerequisite to the recovery of attorneys' fees and costs." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 845 (9th Cir. 2007). We have further held "that a district court may not use a lack of prelitigation notice as a factor in determining whether to deny as unjust a request for attorneys' fees under the ADA." *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008). Also, "the lack of prelitigation notice should not become a shortcut for reducing an award, and is a permissible consideration only if it is specifically connected to a reason why the lawsuit, once filed, would have been resolved more cheaply." *Id.* at 1133 (internal quotation marks and citations omitted). Consideration of the lack of prelitigation notice as a justification for reducing the award here was wrong as a matter law.

Finally, the statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); 42 U.S.C. § 12205. Here, the expert witness inspection served as the foundation for the specific alterations that Defendants were ordered to make. Nonetheless, expert witness fees were denied without explanation. This was an abuse of discretion.

The order awarding attorneys' fees is vacated, and the matter of attorneys' fees, litigation expenses, and costs should be considered without reference to the lack of prelitigation notice. In considering expert witness fees, the court should be mindful of 42 U.S.C. § 12205 and *Lovell*, and any reduction in requested attorneys' fees should be supported by a statement of reasons for the reduction.

In addition, the district court on remand should consider awarding attorneys' fees in connection with the instant appeal.

VACATED & REMANDED.